IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLOYD PLEASANT TARVIN, IV, TDCJ # 1123659, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1641 |
| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT | § § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

The plaintiff, Floyd Pleasant Tarvin, IV (TDCJ #1123659), is currently in custody in the Texas Department of Criminal Justice, pursuant to a 1987 state court judgment and sentence, and a 2002 judgment and sentence. Tarvin filed a pleading, using a petition form for seeking relief under 28 U.S.C. § 2254, in which he seeks restitution for an appellate fee assessed from a prior civil rights action. Tarvin has filed a motion to proceed *in forma pauperis.* After reviewing all of the pleadings and Tarvin's litigation history, the Court dismisses this case for the reasons that follow.

### I.   BACKGROUND

Tarvin has a history of filing prisoner civil rights complaints, at least three of which have been dismissed as frivolous. *See Tarvin v. Texas Bd. of Criminal Justice*, No. H-06-2701 (S.D. Tex. 2006); *Tarvin v. Livingston*, No. H-06-2456 (S.D. Tex.

2006); *Tarvin v. Bennett*, No. H-05-1858 (S.D. Tex. 2005). The United States Court of Appeals for the Fifth Circuit affirmed the dismissal of the complaint filed in No. H-06-2701 and held that Tarvin is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 while he is incarcerated unless he is in danger of serious physical injury. *Tarvin v. Texas Bd. of Criminal Justice*, No. 07-20046 (5th Cir. 2008).

In addition, Tarvin has previously filed petitions for writs of habeas corpus challenging the validity of his convictions and sentences. His challenge to the 1987 conviction was dismissed as baseless. *Tarvin v. Dretke*, No. H-06-0854 (S.D. Tex. 2006). He filed a successive petition challenging the 1987 conviction which was dismissed because the Fifth Circuit had not issued an order authorizing it. *Tarvin v. Quarterman*, No. H-07-4534 (S.D. Tex. 2008). Tarvin's federal habeas challenge to the 2002 conviction for driving while intoxicated was dismissed as untimely pursuant to 28 U.S.C. § 2244(d). *Tarvin v. Dretke*, No. H-04-3416 (S.D. Tex. 2006); *Tarvin v. Thaler*, No. H-11-3698 (S.D. Tex. 2012). Another habeas petition filed by Tarvin was dismissed as frivolous. *Tarvin v. Quarterman*, No. H-08-0747 (S.D. Tex. 2008)

In the present action, Tarvin does not challenge the validity of a criminal court judgment or sentence. Instead, he complains that he was charged for the appellate filing fee when he appealed the frivolous dismissal of his complaint in Cause No. H-06-2701 [Doc. #1, p. 11]. Tarvin accuses the United States District Court of violating

his due process rights by "double charging" him with the appellate filing fee. *Id.* The docket for Cause No. H-06-2701 contains one order granting Tarvin's motion to appeal in forma pauperis with instructions to withdraw the fee from his inmate trust fund pursuant to 28 U.S.C. § 1915(b). *See* Case No. H-06-2701 [Doc. # 13]. A total of $16.00 has been paid in that proceeding. *Id.*

## II. ANALYSIS

### A. This Is a Civil Rights Complaint and Not a Habeas Petition

A writ of habeas corpus is used to challenge the length or the validity of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Boyd v. Biggers*, 31 F.3d 279, 283 n.4. (5th Cir. 1994); *see also Cook v. Texas Department of Criminal Justice Transitional Planning Department*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement.") (citing *Spina v. Aaron,* 821 F.2d 1126, 1128 (5th Cir.1987). "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Preiser*, 411 U.S. at 494. It is indisputable from the pleadings that Tarvin does not seek to challenge his state court convictions. Further, Tarvin has previously filed federal petitions challenging the state court judgments and

any further petitions would be barred as successive and untimely. *See* 28 U.S.C. § 2244(b), (d).

### B. Tarvin is Barred from Proceeding *In Forma Pauperis*

Under the "three strikes rule" established by the Prison Litigation Reform Act (the "PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). Court records reflect that, while incarcerated, Tarvin has filed at least three civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief could be granted. Because of this record, Tarvin has incurred three "strikes" for purposes of 28 U.S.C. § 1915(g). Because Tarvin has three strikes against him, he may not proceed *in forma pauperis*, and his complaint is subject to dismissal, unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Tarvin's pleadings, which concern a parole revocation, do not demonstrate such danger. *See Banos*, 144 F.3d at 884.

Tarvin cannot proceed as a pauper in this action because he alleges no facts

which would indicate that he is in any immediate danger. *Choyce v. Dominguez*, 160 F.3d 1068, 1070-71 (5th Cir. 1998). Consequently, Tarvin's complaint must be **dismissed** under 28 U.S.C. § 1915(g). *See Patton v. Jefferson Corr. Ctr.,* 136 F.3d 458, 464 (5th Cir.1998); *see also Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012).

### B.    Tarvin's Claims Are Frivolous

Tarvin complains that he has been forced to pay the appellate filing fee in Case No. H-06-2701. The Court records show that Tarvin filed a notice of appeal. Therefore, he is responsible for paying the appellate fee regardless of the outcome of the proceeding. *Hatchet v. Nettles*, 201 F.3d 651 (5th Cir. 2000); *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997). The constitutionality of the PLRA has been upheld and Tarvin has no right to proceed in a civil action or appeal without being held responsible for payment of the filing fees. *Black v. Owens*, 401 F. App'x 971, 972 (5th Cir. 2010) (citing *Norton v. Dimazana,* 122 F.3d 286, 290 (5th Cir.1997)). Therefore, his complaint is without arguable merit and must be **dismissed** as frivolous. *Id.* (citing *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983)). Moreover, Tarvin shall be assessed the filing fee in this action also. *Id.* (citing *Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).

### III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **DENIED** pursuant to 28 U.S.C. § 1915(g).

2. This case is **DISMISSED WITH PREJUDICE** because the claims are frivolous and because the plaintiff is barred from filing a complaint without paying the fee in advance. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915(g).

3. Officials at the TDCJ Inmate Trust Fund shall **deduct** funds from the inmate account of Floyd Pleasant Tarvin, IV (TDCJ #1123659) and forward them to the Clerk of this Court on a regular basis, in compliance with the provisions of 28 U.S.C. 1915(b), until the entire filing fee ($400.00) has been paid.

4. **The Clerk will provide copies of this Memorandum and Order to:**
   - **the parties;**
   - **the TDCJ Inmate Trust Fund, P.O. Box 60, Huntsville, TX 77342-0060;**
   - **the TDCJ – Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and**
   - **the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702; Attention: Manager of the Three-Strikes List.**

**SIGNED** at Houston, Texas, on June 24, 2014

*[signature]*

Nancy F. Atlas
United States District Judge